**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HERBERT DEWAYNE WESLEY,<br><br>Petitioner<br><br>v.<br><br>JERRY HOWELL, et al.,<br><br>Respondents | Case No.: 2:20-cv-00783-JAD-BNW<br><br>**Amended Order Granting Motion for Appointment of Counsel**<br><br>[ECF No. 1-2] |

Pro se petitioner Herbert Dewayne Wesley petitions for habeas relief from his 2019 amended judgment of conviction on two counts of first-degree murder with the use of a deadly weapon and one count of robbery with the use of a deadly weapon that resulted in at least four sentences of life imprisonment without the possibility of parole.[1]  Wesley moves for court appointed counsel.[2]  I find that Wesley has demonstrated that counsel is appropriate, so I provisionally appoint the Federal Public Defender to represent Wesley in this case.

**Discussion**

There are several reasons to grant Wesley's request for counsel.  Wesley currently is serving at least four sentences of life imprisonment without the possibility of parole.[3]  Originally, Wesley was sentenced to death in 1995.[4]  The Nevada Supreme Court later reversed the sentence and remanded to the state district court.[5]  Although the claims in the current petition are sparse,

---

[1] ECF No. 1-1.

[2] ECF No. 2.

[3] ECF No. 1-1 at 1.

[4] *Id.*

[5] *Id.* at 2.

the issues almost certainly are complex and lengthy because this case once was a capital case. These factors weigh in favor of appointing counsel.

Wesley is financially eligible for appointment of counsel.[6] Although he has paid the filing fee, he lacks the funds to afford counsel.[7]

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2, respectively.

IT FURTHER IS ORDERED that the motion for appointment of counsel **[ECF No. 1-2] is GRANTED**.  **The Federal Public Defender is appointed provisionally as counsel**.

IT FURTHER IS ORDERED that the Federal Public Defender has 30 days from the date of entry of this order to (1) undertake representation of Wesley or (2) indicate to the court the office's inability to represent Wesley. If the Federal Public Defender is unable to represent Wesley, then the court will appoint alternate counsel. The court will set a deadline for filing an amended petition once counsel has appeared. The court does not signify any implied finding of tolling during any time period established or any extension granted. Wesley always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely.[8]

---

[6] 18 U.S.C. § 3006A.

[7] ECF No. 1 at 4-11.

[8] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

1       IT FURTHER IS ORDERED that **the clerk of the court is directed to** ADD Aaron

2 Ford, Attorney General for the State of Nevada, as counsel for respondents; and

3 ELECTRONICALLY SERVE upon respondents a copy of the petition and this order.

4       IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance

5 in this case by June 19, 2020, but no further response will be required from respondents until

6 further order of the court.

7       Dated: May 29, 2020

8                                                _____

9                                       U.S. District Judge Jennifer A. Dorsey