# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Herbert Dewayne Wesley,

    Petitioner

v.

Jerry Howell, et. al.,

    Respondents

Case No.:  2:20-cv-00783-JAD-BNW

**Order Granting in Part
Motion to Dismiss**

[ECF No. 32]

    Counseled petitioner Herbert Dewayne Wesley petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that trial counsel failed to move to recuse the trial court judge and investigate a defense, the trial court failed to recuse one of the prosecutors and gave an invalid jury instruction, and the prosecutor improperly argued reasonable doubt.[1]  Respondents move to dismiss as unexhausted Wesley's ineffective-assistance-of-trial-counsel claims in grounds 1 and 3.[2]  I find that grounds 1 and 3 are technically exhausted, and I defer consideration on whether Wesley can demonstrate cause and prejudice to overcome the procedural default until the parties have answered and replied, addressing the claims on their merits.

## Background

    Wesley challenges his 1995 conviction, pursuant to a jury trial, of robbery with the use of a deadly weapon and two counts of first-degree murder with the use of a deadly weapon.[3]  Wesley was sentenced to death.[4]  Wesley appealed, and the Nevada Supreme Court affirmed and

---

[1] ECF No. 25.

[2] ECF No. 32.  Respondents also moved to dismiss ground 2 as unexhausted, alleging it was never federalized, *id.* at 8, but they withdrew this argument in their reply.  ECF No. 60 at 4.

[3] ECF No. 18-1.

[4] *Id.*

denied rehearing.[5]  Wesley petitioned for a writ of certiorari, but the United States Supreme Court denied relief.[6]

Wesley filed a state petition for post-conviction relief.[7]  The state district court denied the petition.[8]  Wesley appealed, and the Nevada Supreme Court affirmed in part, reversed in part, and remanded for a new penalty hearing.[9]  A new penalty hearing was held,[10] and an amended judgment of conviction was entered sentencing Wesley to, *inter alia*, two consecutive life sentences without the possibility of parole.[11]

Wesley dispatched his federal habeas corpus petition on April 26, 2020.[12]  I appointed counsel for him,[13] and a first amended and second amended petition were filed.[14]  Respondents now move to dismiss grounds 1 and 3.[15]

### Discussion

In ground 1, Wesley alleges that trial counsel failed to move to recuse the state district court judge due to a conflict of interest.[16]  And in ground 3, Wesley alleges that trial counsel

---

[5] ECF Nos. 18-3, 42-5.

[6] ECF No. 42-12.

[7] ECF No. 41-29.

[8] ECF No. 44-6.

[9] ECF No. 18-6.

[10] ECF No. 46-39.

[11] ECF No. 18-7.

[12] ECF No. 6.

[13] ECF No. 8.

[14] ECF Nos. 17, 25.

[15] ECF No. 32.

[16] ECF No. 25 at 6.

failed to investigate his case and present a defense.[17]  Wesley argues that grounds 1 and 3 are technically exhausted.[18]

A claim is technically exhausted if it is procedurally defaulted.  The record must reflect that "it is clear that the state court would hold the claim procedurally barred."[19]  The state procedural bars that would be implicated in this case are the one-year time bar[20] and the bar against second or successive petitions.[21]  Both of these procedural bars allow for an excuse upon a showing of cause and prejudice or upon a showing of actual innocence.  The standards that the state courts apply are substantially the same as the standards that federal courts apply.[22]

In most cases, this court has rejected petitioners who claimed technical exhaustion by procedural default while also claiming that they could establish cause and prejudice or actual innocence to excuse that default.  On one hand, if a petitioner had an argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then the petitioner could not establish that "it is clear that the state court would hold the claim procedurally barred,"[23] and the ground would not be technically exhausted.  On the other hand, if a petitioner had no arguments for cause and prejudice or actual innocence, then the ground would be technically exhausted but also subject to dismissal as procedurally defaulted.

---

[17] *Id.* at 16.

[18] ECF No. 52 at 4.

[19] *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (internal quotation marks omitted).

[20] Nev. Rev. Stat. § 34.726.

[21] Nev. Rev. Stat. § 34.810.

[22] *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); *Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006).

[23] *Sandgathe*, 314 F.3d at 376.

But, when federal law recognizes a potential basis to excuse a procedural default and the Nevada state courts do not, then the petitioner can argue in federal court both that a ground is technically exhausted and that an excuse for the procedural default exists.  Ineffective-assistance-of-trial-counsel claims allow a petitioner to do that.  The United States Supreme Court held in *Martinez v. Ryan* that ineffective assistance of state post-conviction counsel, or the lack of counsel in state post-conviction proceedings, possibly can excuse a procedurally defaulted claim of ineffective assistance of trial counsel.[24]  The petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the post-conviction proceedings were the initial review proceedings for the ineffective-assistance-of-trial-counsel claim; and (4) state law requires, or practically requires, that the claim be raised in the initial post-conviction proceedings.[25]

The Nevada Supreme Court has declined to recognize cause under *Martinez* as cause to overcome a state-law procedural bar.[26]  So, a Nevada habeas petitioner who can rely on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law. Wesley relies on *Martinez* to overcome a procedural default of grounds 1 and 3.  It does not appear from the current briefing that Wesley has other potentially viable bases for demonstrating

---

[24] *Martinez v. Ryan*, 566 U.S. 1 (2012).

[25] *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

[26] *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014).

cause and prejudice that might be recognized by the state courts, which would preclude a finding of technical exhaustion by procedural default for the unexhausted claims.

I find that a cause-and-prejudice analysis under *Martinez* for grounds 1 and 3 is appropriate here, but I will wait to resolve it until after the parties have answered and replied, addressing the claims on their merits.  That way, I have the benefit of analyzing all of Wesley's claims against a fully developed factual and legal backdrop.[27]

## Conclusion

Accordingly, IT IS THEREFORE ORDERED that Respondents' motion to dismiss **[ECF No. 32] is GRANTED in part**.  Grounds 1 and 3 are unexhausted but technically exhausted because they would be procedurally barred by the state courts.

IT IS FURTHER ORDERED that a decision on whether Wesley can demonstrate cause and prejudice under *Martinez* to overcome the procedural default is DEFERRED until after the parties have answered and replied.

IT IS FURTHER ORDERED that **Respondents have 60 days from the date of this order to file and serve an answer** addressing all claims in the second amended petition on their merits, including addressing grounds 1 and 3 under a *de novo* standard of review and addressing whether grounds 1 and 3 are barred by procedural default under federal law; **Wesley will have 30 days from the date of service of the answer to file a reply**.

IT IS FURTHER ORDERED that the motion for leave to file Wesley's PSIs under seal **[ECF No. 48] is GRANTED**.

---

[27] I want to emphasize that I take this action on the premise that Wesley has a potentially viable argument for cause and prejudice based on *Martinez*—and only *Martinez*.  If Wesley offers other cause-and-prejudice arguments, then I will return to a procedural posture where the next step instead is dictated by *Rose v. Lundy*, 455 U.S. 509 (1982), and its progeny.

IT IS FURTHER ORDERED that the motion for leave to file Wesley's mental health evaluations under seal **[ECF No. 55] is GRANTED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 2, 2022